# **EXHIBIT C**

# CASE SUMMARY
## CASE NO. S-19-5825CV-C

| | | | |
|---|---|---|---|
| **Ramiro Gomez DBA Bakery Cafe vs. Blackboard Insurance Company DKA Hamilton Specialty Insurance Company** | § § § § | Location: Judicial Officer: Filed on: | **343rd District Court** **Whatley, Janna K.** **08/26/2019** |

---

### CASE INFORMATION

Case Type: **Consumer/Commercial/Debt**

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 09/18/2019 | Correspondence / Letter |
| 09/17/2019 | Jury Fee Paid (OCA) |
| 09/17/2019 | Answer |
| | *Defendant Blackboard Insurance Company's Original Answer with Jury Demand* |
| 08/26/2019 | Jury Fee Paid (OCA) |
| 08/26/2019 | **Service by Certified Mail** |
| | Blackboard Insurance Company DKA Hamilton Specialty Insurance Company Served: 08/30/2019 |
| 08/26/2019 | Citation |
| | *ISSD FOR BLACKBOARD INS COMP-CERT MAIL 7019 0140 0000 0025 0423* |
| 08/26/2019 | Application |
| | *San Patricio County Process Reqeust* |
| 08/26/2019 | Original Petition (OCA) |
| | *PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE* |

*Printed on 09/25/2019 at 3:08 PM*

# **EXHIBIT C-1**



**Tim Redden, Jr.**
717 Texas Avenue, 27th Floor
Houston, Texas 77002
(832) 415-1293 (Direct)
(832) 415-1095 (Fax)
tredden@shackelford.law

September 18, 2019

Heather B. Marks
San Patricio County District Clerk
P. O. Box 1084
Sinton, TX 78387

Attn: Records

Re: Cause No. S-19-5825CV-C; Ramiro Gomez d/b/a Bakery Café v. Blackboard Insurance Company f/k/a Hamilton Specialty Insurance Company; In the 343rd Judicial District Court of San Patricio County, Texas

Dear Sir or Madam,

We are requesting a certified copy of the Court's docket sheet for the above-referenced matter and are paying the required fee with the filing of this letter. Please mail the document to me as soon as possible at:

Tim Redden, Jr.
Shackelford, Bowen, McKinley & Norton, LLP
717 Texas Ave., 27th Floor
Houston, TX 77002

Please feel free to contact us should you have any questions.

Sincerely,

Tim Redden Jr.

Processed On: 9/18/2019 12:34 PM
By:Rosie Soliz, Deputy Clerk

Filed 9/18/2019 11:40 AM
Heather B. Marks
District Clerk
San Patricio County, Texas

**Shackelford, Bowen, McKinley & Norton, LLP**
Austin  Baton Rouge  Dallas  Fort Worth  Frisco  Houston  Nashville

# **<u>EXHIBIT C-2</u>**

CAUSE NO. S-19-5825CV-C

| | | |
|---|---|---|
| RAMIRO GOMEZ DBA BAKERY CAFÉ, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | 343RD JUDICIAL DISTRICT |
| BLACKBOARD INSURANCE COMPANY | § | |
| F/K/A HAMILTON SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | SAN PATRICIO COUNTY, TEXAS |
| *Defendant.* | | |

## DEFENDANT BLACKBOARD INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Blackboard Insurance Company ("Blackboard") files this Original Answer and respectfully shows as follows:

### I.    GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Blackboard generally denies each and every allegation in Plaintiff Ramiro Gomez DBA Bakery Café's ("Plaintiff") Original Petition and any subsequently filed petitions.  Blackboard respectfully requests that the Court and Jury require Plaintiff to prove its claims, charges, and allegations by a preponderance of the evidence, and/or clear and convincing evidence, as required by the laws, regulations, and statutes of Texas and the United States, and the Constitutions of Texas and the United States.

2.    Blackboard reserves the right to amend its answer to Plaintiff's allegations, as is its right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

### II.    SPECIFIC DENIALS, ALTERNATIVE DEFENSES, AND AFFIRMATIVE DEFENSES

Without waiving the foregoing, and for further answer, if any be necessary, Blackboard, asserts the following conjunctive and/or alternative specific denials, alternative defenses, and affirmative defenses:

Filed 9/17/2019 3:20 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 9/17/2019 3:23 PM
By:Rosie Soliz, Deputy Clerk

3.      Plaintiff's damages, if any, are the result of acts and/or omissions, fault, negligence, breach of contract, intentional conduct, violation of statute, and/or breach of duty, by or of persons, entities, and/or parties over whom Blackboard had no control and for whom Blackboard has no legal responsibility.   Such acts and/or omissions were the sole cause, sole proximate cause, producing cause, or a new and independent intervening or superseding cause of the alleged injuries to Plaintiff.

4.      Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, and/or omissions, negligence, breach of duty, intentional conduct, violation of statute, and/or breach of contract or that of its agents, representatives, or employees.

5.      Blackboard is entitled to submit issues of proportionate fault and/or proportionate causation in accordance with the Texas Civil Practice and Remedies Code for the percentage of responsibility assigned by the trier of fact.

6.      Blackboard denies that it breached the policy or violated any statutory or common law duty owed to Plaintiff related to the claim made the basis of this lawsuit.

7.      Blackboard denies that it violated the Texas Insurance Code or breached the duty of good faith and fair dealing.

8.      Blackboard did not engage in unfair settlement practices.

9.      Blackboard pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

10.     Plaintiff's claims and the damages it seeks are barred by payment because Defendant has already paid Plaintiff for all covered damages.

11.     Plaintiff failed to exercise reasonable care to avoid, minimize, and mitigate the damages it seeks to recover herein, which damages Blackboard disputes, and accordingly, Blackboard is not liable for any damages that could and should have been avoided or mitigated.

12.     Plaintiff's claims and the damages it seeks are barred because granting Plaintiff the relief it requests would result in unjust enrichment.

13.     Plaintiff suffered no losses or damages resulting from Blackboard's handling of Plaintiff's claim.  Plaintiff's alleged damages are unfounded.

14.     Plaintiff's extra-contractual claims are barred because its contract claim is barred.

15.     Plaintiff's misrepresentation claims under the Texas Insurance Code are barred because Blackboard made no misrepresentations and Plaintiff did not justifiably rely on any alleged misrepresentation of Blackboard or its representatives.

16.     Plaintiff's claim and the damages it seeks are barred or limited by the terms, conditions, definitions, exclusions, limitations, and other provisions in Blackboard's policy at issue, Policy No. AAHS1000013485 (the "Policy"), and any other policy issued to Plaintiff by Blackboard, and Blackboard incorporates herein by reference the entirety of the Policy, and to the extent necessary, asserts affirmatively every term, condition, definition, exclusion, limitation, and every other provision of the Policy, including but not limited to the provisions set forth herein. *See* Exhibit A – The Policy.

17.     The Policy insures against "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."  *See* Ex. A, Building and Personal Property Coverage Form (CP 00 10 10 12), at A. Coverage.  Therefore, Plaintiff's claim and the damages it seeks for loss or damage that were

neither caused by nor resulted from a Covered Cause of Loss, or are unrelated to the loss at issue, are barred.

18.     The Policy insures loss or damage that commences during the Policy period,  as follows: **H.     POLICY PERIOD, COVERAGE TERRITORY** Under this Coverage Part:

1.     We cover loss or damage commencing:

a.     During the policy period shown in the Declarations; and

b.     Within the coverage territory.

***

Ex. A, Commercial Property Conditions (CP 00 90 07 88), at H.  The Property was insured under Policy No. AAHS1000013485 from June 22, 2017 to June 22, 2018.  The Policy only provides coverage to Plaintiff for loss or damage commencing during the Policy period.  To the extent Plaintiff's claims and the damages it seeks to recover did not commence during the policy period, they are barred.

19.     The Policy contains general conditions addressing the payment of loss under the Policy as follows:

**4.     Loss Payment**

a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1)     Pay the value of lost or damaged property;

(2)     Pay the cost of repairing or replacing the lost or damaged property, subject to b. below;

***

(4)     Repair, rebuild or replace the property with other property of like kind and quality, subject to b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

b.      The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

*** 

d.  We will not pay you more than your financial interest in the Covered Property.

*** 

*See* Ex. A, Building and Personal Property Coverage Form, E. Loss Conditions (CP 00 10 10 12) at 4. Loss Payment.  The Policy provides that Blackboard's payment liability is limited to "of like kind and quality".  *See id.*  Therefore, the Policy only provides coverage for damaged property resulting from a covered cause of loss and only provides coverage for the costs to repair, rebuild or replacement materials of like kind and quality, and Plaintiff's claims and the damages it seeks are barred or limited to that extent.  The Policy does not require repair or replacement with identical property; rather, the Policy covers the cost for repair or replacement using comparable materials.

20.    Further, the Policy sets forth various conditions and duties for, among other things, providing notice and cooperating with Blackboard as follows:

**2.     Duties In The Event Of Loss Or Damage**

a.      You must see that the following are done in the event of loss or damage to Covered Property:

*** 

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.  However, with respect to loss or damage n the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be field with us not later than one year after the date of the loss or damage for good cause shown by the person filing the claim.

(3) As soon as possible, give us a description of how, when and where the direct physical loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request.  We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

\*\*\*

*See id.* at 3.  Duties in the Event of Loss or Damage, Coverage (CP 00 10 10 12), and as amended by Texas Changes Endorsement (CP 01 42 03 12).  Blackboard has requested Plaintiff provide evidence related to its complaint regarding the application of the Policy's co-insurance penalty. Blackboard has also requested to inspect the property, and for Plaintiff to provide documentation related to Plaintiff's repair efforts.  Plaintiff has not provided any of the aforementioned information and/or documents, and has not allowed Blackboard an opportunity to inspect the property.

21.     The Policy does not insure loss or damage pre-existing the loss or damage at issue nor does it insure loss or damage caused by or resulting from wear and tear, deterioration, latent defects, faulty, inadequate or defective construction, materials, repairs or maintenance, as follows:

**A.     Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is excluded or limited in this policy.

**B.     Exclusions**

1.     We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

***

2.     We will not pay for loss or damage caused by or resulting from any of the following:

***

d.     (1)     Wear and tear:

(2)     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***

(4)     Settling, cracking, shrinking or expansion;

***

f.     Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

***

m.     Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3.     We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

***

     c.  Faulty, inadequate or defective:

        (1)    Planning, zoning, development, surveying, siting;

        (2)    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3)    Materials used in repair, construction, renovation or remodeling; or

        (4)    Maintenance;

     of part or all of any property on or of the described premises.

              \*\*\*

**C.**    **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

1.    We will not pay for loss to or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damages as described and limited in this section.

              \*\*\*

     c.    The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice sand or dust enters; or

              \*\*\*

*See Id.*, Ex. A.  Causes of Loss-Special Form (CP 10 30 10 12), at B.  Exclusions.  Plaintiff's claim and the damages it seeks are barred because it seeks to have Blackboard pay to repair or replace damages caused by or resulting from wear and tear, deterioration, latent defects, settling, cracking, shrinking, expansion, faulty or inadequate or defective workmanship, repair, construction, renovation, materials or maintenance, and because Plaintiff has failed to preserve the property from further damage, all of which are specifically excluded under the Policy.

    22.    Plaintiff is not entitled to recover on a replacement cost basis *unless* and *until* it actually repairs or replaces the alleged damage, and then only if such was done within 180 days

after the date the loss or damage occurred, and only for the least of the cost to repair or replace the damage property with other property of comparable size, material and quality or the actual amount incurred by [Plaintiff] that is necessary to repair, rebuild or replace the damaged property, as set forth in the Replacement Cost Endorsement:

**3.      Replacement Cost**

***

d.      We will not pay on a replacement cost basis for any loss or damage:

> (1)      Until the lost or damaged property is actually repaired or replaced; and

> (2)      Unless the repairs or replacement is made as soon as reasonably possible after the loss or damage.

***

e.      We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2) or (3), subject to f. below:

> (1)      The Limit of Insurance applicable to the lost or damaged property;

> (2)      The cost to replace the lost or damaged property with other property:
>
>> (a)      Of comparable material and quality; and
>
>> (b)      Used for the same purpose; or

> (3)      The amount actually spent that is necessary to repair or replace the lost or damaged property.

*See* Ex. A., Building and Personal Property Coverage Form (CP 00 10 10 12), at G. Optional Coverages, 3. Replacement Cost.  To date, Plaintiff has not provided evidence it actually "repaired or replaced" the alleged property damage, and has not made repairs or replacements within 180 days after the date of the alleged loss or damage.  Accordingly, Plaintiff's recovery, if any, is limited to Actual Cash Value.

23.      Plaintiffs claim and the damages it seeks are further limited as follows:

**F.      Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**1.      Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

  a.      We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

  (1) Multiply the value of the Covered Property at the time of loss by the Coinsurance percentage;

  (2) Divide the Limit of Insurance of the property by the figure determined in Step (1);

  (3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and

  (4) Subtract the deductible from the figure determined in Step (3).

We will pay the amount determine in Step (4) or the Limit of Insurance, whichever is less.  For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

*See* Ex. A., Building and Personal Property Coverage Form (CP 00 10 10 12), at F.  Additional Conditions, 1.  Coinsurance.  The Policy's building coverage is subject to a coinsurance penalty of eighty percent (80%).

24.    The Policy provides certain Business Income Coverage, which limits Plaintiff's claim as follows:

**A.      Coverage**

**1.      Business Income**

Business Income means the:

    **a.**  Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

    **b.**  Continuing normal operating expenses incurred, including payroll.

***

We will pay for the actual loss of Business Income you sustain due to necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

***

**c.**    **Extended Business Income**

**(1) Business Income Other Than "Rental Value"**

If the necessary "suspension of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:

    (a)    Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced and "operations" are resumed; and

    (b)    Ends the earlier of:

        (i)  The date you could restore your "operations", with reasonable speed, to the level which would generate the business income amount that would have existed if no direct physical loss or damage had occurred; or

        (ii) 60 consecutive days after the date determined in **(1)(a)** above.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the premises are located.

Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

*See* Ex. A., Business Income (And Extra Expense) Coverage Form (CP 00 30 10 12), at A. The

Policy defines "Period of restoration" as follows:

11

**3.** "Period of restoration" means the period of time that:

    **a.** Begins:

        **(1)** 72 hours after the time of direct physical loss or damage for Business Income Coverage; or

        **(2**) Immediately after the time of direct physical loss or damage for Extra Expense Coverage;

    caused by or resulting from any Covered Cause of Loss at the described premises; and

    **b.** Ends the earlier of:

        **(1)** The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed with similar quality; or

        **(2)** The date when business is resumed at a new permanent location.

    "Period of restoration" does not include any increased period required due to the enforcement of or compliance with any ordinance or law that:

        **(1)** Regulates the construction, use or repair, or requires the tearing down, of any property; or

        **(2)** Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

    The expiration date of this Policy will not cut short the "period of restoration."

*See* Ex. A., Business Income (And Extra Expense) Coverage Form (CP 00 30 10 12), at F.

25.     Further, the Policy's Business Income (And Extra Expense) Coverage sets forth various conditions and duties for, among other things, providing notice and cooperating with Blackboard as follows:

**2.     Duties In The Event Of Loss Or Damage**

    b.     You must see that the following are done in the event of loss or damage to Covered Property:

***

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.  However, with respect to loss or damage n the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be field with us not later than one year after the date of the loss or damage for good cause shown by the person filing the claim.

(3) As soon as possible, give us a description of how, when and where the direct physical loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(6) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request.  We will supply you with the necessary forms.

(7) Cooperate with us in the investigation or settlement of the claim.

(8) If you intend to continue your business, you must resume all or part of your "operations" as quickly as possible.

*See* Ex. A., Business Income (And Extra Expense) Coverage Form (CP 00 30 10 12), at A, and is amended by Texas Changes Endorsement (CP 01 42 03 12).  Blackboard has also requested to inspect the property, and for Plaintiff to provide documentation related to Plaintiff's repair efforts. Plaintiff has not provided any of the aforementioned information and/or documents, and has not allowed Blackboard an opportunity to inspect the property.

26.   Plaintiffs claim and the damages it seeks are further limited as follows:

**3.    Loss Determination**

    **a.**   The amount of Business Income loss will be determined based on:

        **(1)**   The Net Income of the business before the direct physical loss or damage occurred;

        **(2)**   The likely Net Income of the business if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses;

        **(3)**   The operating expenses, including payroll expenses, necessary to resume "operations" with the same quality of service that existed just before the direct physical loss or damage; and

        **(4)**   Other relevant sources of information, including;

           (a)  Your financial records and accounting procedures;

           (b)  Bills, invoices and other vouchers; and

           (c)  Deeds, liens or contracts.

              ***

    **c.**   **Resumption of Operations**
       We will reduce the amount of your:

        **(1)** Business income loss, other than Extra Expense, to the extent you can resume your "operations", in whole or in part, by using damaged or undamaged property (including merchandise or stock) at the described premises or elsewhere.

              ***

    **d.**   If you do not resume "operations", or do not resume "operations" as quickly as possible, we will pay based on the length of time it would have taken to resume "operations" as quickly as possible.

*See* Ex. A., Business Income (And Extra Expense) Coverage Form (CP 00 30 10 12), at C.

27.     Some or all of the above-noted provisions and/or other provisions, which may be identified as this matter progresses, identify conditions precedent to coverage under the Policy that Plaintiff has failed to comply with.  Moreover, Blackboard specifically reserves its right to rely on any and all terms, provisions, defenses, conditions, definitions, exclusions, and/or limitations of the Policy, including but not limited to those set forth herein.  Further, by not listing a particular Policy term, provision, defense, condition, definition, exclusion and/or limitation herein, Blackboard does not waive any of its rights under the Policy or applicable law and is not prejudiced in any way.

28.     All conditions precedent have not been performed by Plaintiff and all conditions precedent have not occurred.  The Policy makes clear that the entire Policy must be considered, including coverage exclusions and limitations.

29.     Blackboard asserts offset/credit for all applicable deductibles, limits of insurance, and sublimits of insurance under the Policy.

30.     In the event Plaintiff has any damages, which is expressly denied, Plaintiff has the burden of allocating between the covered and noncovered damages.

31.     Under the doctrine of concurrent causation, Blackboard does not owe coverage for damage caused by non-covered perils.

32.     Plaintiff's extra-contractual claims are barred, including, but not limited to, Plaintiff's "unfair settlement practice" claims because a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to any additional insurance benefits from Blackboard.  Blackboard is permitted to value claims differently from insured and others without facing extra-contractual liability.  Blackboard's conduct was reasonable based upon the claims investigation.  Because a bona fide controversy existed and continues to exist regarding the

valuation of Plaintiff's insurance claim, liability under the Blackboard Policy is not reasonably clear, and any and all extra-contractual claims are barred.

33.    Blackboard invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that Plaintiff's live pleading for punitive damages and/or exemplary damages is violative of the Fourteenth Amendment.  Further, Blackboard affirmatively pleads that any assessment or award of punitive or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution, in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process.  Accordingly, Blackboard invokes its rights under the Eighth and Fourteenth Amendments and respectfully requests that this Court disallow any award of punitive or exemplary damages in as much as an award in this case would be violative of Blackboard's constitutional rights.  Blackboard further invokes its rights under the Fifth Amendment, as applied through the Fourteenth Amendment to the United States Constitution, wherein it reads in part "No person shall be . . . deprived of . . . property without due process of law. . ."

34.    Blackboard specifically pleads that any award of punitive or exemplary damages must be supported by clear and convincing evidence.

35.    Blackboard pleads that any punitive or exemplary damages award is capped.

36.    Blackboard specifically denies that it failed to perform any contractual obligations under the Policy.  Blackboard states it satisfied all contractual obligations and has properly complied with the Policy's terms, conditions, duties, and limitations of coverage.  Blackboard specifically denies it has breached any of the Policy's terms or conditions.

37.     Blackboard specifically denies that it has waived or is estopped from asserting any of the Policy's conditions, definitions exclusions, limitations, defenses, and/or other terms/provisions.

38.     Blackboard specifically denies that its alleged conduct was committed knowingly or intentionally as alleged by Plaintiff.

39.     Plaintiff is not entitled to attorneys' fees, if any, because it has asserted an excessive "demand." Plaintiff has also acted unreasonably in demanding monies to which it is not entitled, thereby also rendering its "demand" unreasonable and excessive.

40.     Without waiving the forgoing and for further answer, if any be necessary, Blackboard has not knowingly or intentionally waived any applicable defense, whether affirmative or otherwise, and hereby gives notice that it reserves the right to assert and rely upon such other applicable defenses as may become available or apparent during this proceeding. Blackboard further reserves the right to supplement and/or amend its answer to Plaintiffs' allegations in accordance with the Texas Rules of Civil Procedure.

### III.     <u>JURY DEMAND</u>

Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Blackboard hereby makes a demand for a jury trial in this cause. A jury fee is being paid simultaneously with the filing of this demand.

### IV.     <u>PRAYER</u>

Therefore, Blackboard respectfully prays that this Court render judgment that Plaintiff recovers nothing by reason of its claims and that this action be dismissed on its merits. Blackboard also requests any and all further relief to which it is entitled at law or in equity.

17

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: */s/ Hilary C. Borow* _____
  Hilary C. Borow
  State Bar No. 00787106
  hborow@shackelford.law
  Tim Redden Jr.
  State Bar No. 24099654
  tredden@shackelford.law
  717 Texas Ave, 27th Floor
  Houston, Texas 77002
  Tel:  832-415-1801
  Fax:  832-415-1095

  **ATTORNEYS FOR DEFENDANT BLACKBOARD INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 17th  day of September, 2019, a copy of the foregoing document was forwarded to all counsel listed below pursuant to the Texas Rules of Civil Procedure.

David M. Anderson
Stephen R. Carrigan
**CARRIGAN & ANDERSON, PLLC**
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
(361) 884-4433--Telephone
(361) 884-4434—Facsimile
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
***Counsel for Plaintiff***

*/s/ Hilary C. Borow*_____
Hilary C. Borow

# <u>EXHIBIT C-3</u>

San Patricio County , 343rd District Court

## SAN PATRICIO COUNTY SERVICE REQUEST SHEET

**CAUSE NUMBER:** S-19-5825CV-C       **DATE:** 8/25/19

**STYLE OF CASE: Ramiro Gomez, d/b/a Bakery Café v. Blackboard Insurance Company f/k/a Hamilton Specialty Insurance Company**

---

### ***REQUIRED***

NAME OF DOCUMENT TO BE ATTACHED TO ISSUANCE
Plaintiff's Original Petition

---

### TYPE OF ISSUANCE ($8 FEE PER ISSUANCE )

( x ) CITATION      ( ) PRECEPT      ( ) SUBPOENA (USE SUBPOENA FORM)

( ) TEMPORARY RESTRAINING ORDER      ( ) WRIT OF _____

( ) ABSTRACT JUDGMENT      ( ) OTHER _____

### ***COPIES TO ATTACH TO YOUR ISSUACE ARE $1 PER PAGE***

### NAME OF PARTY TO BE SERVED

1.    NAME: Blackboard Insurance Company, f/k/a Hamilton Specialty Insurance Company by serving its Attorney for Service, CT Corporation System
2.    ADDRESS:  1999 Bryan St., Suite 900
3.    CITY, STATE, ZIP: Dallas, Texas 75201-3136.

### SERVICE TYPE (FEE IS PER ISSUANCE)

( ) SAN PATRICIO CO SHERIFF ($90)      (X) SERVICE BY CERTIFIED MAIL ($90)

( ) CITATION BY PUBLICATION ($90) DOES NOT INCLUDE PUBLICATION FEES TO BE PAID TO PUBLICATION

( ) PRIVATE PROCESS SERVER _____

### REQUESTOR:
   **NAME: David M. Anderson**      **PHONE:  361-884-4433**

Filed 8/26/2019 12:00 AM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 8/26/2019 8:53 AM
By:Ruby Rodriguez, Deputy Clerk

Copy from re:SearchTX

# **<u>EXHIBIT C-4</u>**

CAUSE NO. S-19-5825CV-C

| | | |
|---|---|---|
| RAMIRO GOMEZ DBA BAKERY CAFÉ | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | SAN PATRICIO COUNTY, TEXAS |
| v. | § | |
| | § | |
| BLACKBOARD INSURANCE | § | San Patricio County - 343rd District Court |
| COMPANY F/K/A HAMILTON | § | ____ JUDICIAL DISTRICT |
| SPECIALTY INSURANCE | § | |
| COMPANY | | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RAMIRO GOMEZ DBA BAKERY CAFÉ ("Plaintiff") and files this *Plaintiff's Original Petition*, complaining of BLACKBOARD INSURANCE COMPANY F/K/A HAMILTON SPECIALTY INSURANCE COMPANY ("Blackboard or Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

Filed 8/26/2019 12:00 AM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 8/26/2019 8:53 AM
By:Ruby Rodriguez, Deputy Clerk
Copy from re:SearchTX

## PARTIES

2.  Plaintiff Ramiro Gomez d/b/a Bakery Cafe is a d/b/a with its principal office in San Patricio County, Texas.

3.  Defendant BLACKBOARD INSURANCE COMPANY F/K/A HAMILTON SPECIALTY INSURANCE COMPANY is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by certified mail, return receipt requested through its Attorney for Service, CT Corporation System at 1999 Bryan St., Ste 900, Dallas, TX 75201-3136.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Blackboard because the defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6.  Venue is proper in San Patricio County, Texas, because the insured property is situated in San Patricio County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

Page 2

Copy from re:SearchTX

## FACTS

7.    Plaintiff is the owner of a Blackboard Policy number AAHS1000013485 (hereinafter referred to as "the Policy"), which was issued by Blackboard.

8.    Plaintiff owns the insured property, which is specifically located at 434 S Commercial St., Aransas Pass, TX 78336, in San Patricio County (hereinafter referred to as "the Property").

9.    Blackboard sold the Policy insuring the Property to Plaintiff.

10.   On or about August 25, 2017, a massive hurricane struck San Patricio County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiff's property. Plaintiff's roof, building's interior and exterior, including but not limited to the interior insulation, exterior sign, and HVAC system all sustained extensive damage during the hurricane. Shortly after the hurricane, Plaintiff submitted a claim to Blackboard against the Policy for the damage to the Property sustained as a result of the storm.  Plaintiff asked that Blackboard cover the cost of repairs to the Property pursuant to the Policy.

11.   The claim number assigned by Blackboard is 701359996255-001.

12.   Defendant Blackboard assigned an adjuster to the claim.  The adjuster failed to perform a reasonable or adequate adjustment of the damages.  As a result of the adjuster's inadequate adjustment of Plaintiff's property, Defendant Blackboard made the executive decision to deny most of Plaintiff's covered damages.  This is evidenced by the adjuster's estimate which severely

Page 3

Copy from re:SearchTX

undervalued and/or omitted much of the damages. To date, Plaintiff has not received the full payment amount due under the Policy, nor have they received any explanation from Defendant as to why they ultimately denied and underpaid Plaintiff's damages

13.     As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair his property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

14.     As detailed in the paragraphs below, Blackboard wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Blackboard underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during the investigation.

15.     To date, Blackboard continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid any amount for the damages to his property.

Copy from re:SearchTX

16.   Defendant Blackboard failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Blackboard's conduct constitutes a breach of the insurance contract between Blackboard and Plaintiff.

17.   Defendant Blackboard misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Blackboard's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.   Defendant Blackboard failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Blackboard's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendant Blackboard failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Blackboard failed to offer Plaintiff adequate compensation, without any valid explanation why full payment was not being made.  Furthermore, Defendant Blackboard did not communicate that any future settlements or payments would be forthcoming

Page 5

Copy from re:SearchTX

to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Blackboard's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant Blackboard refused to fully compensate Plaintiff, under the terms of the Policy, even though the adjuster failed to conduct a reasonable investigation.   Specifically, the adjuster performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.   Defendant Blackboard's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant Blackboard failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning and investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Blackboard's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.055.

22. Defendant Blackboard failed to accept or deny Plaintiff's full and entire claim within failed to accept or deny Plaintiff full and entire claim within the statutorily mandated time of receiving all necessary information.

Page 6

Copy from re:SearchTX

Blackboard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant Blackboard failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for the claim. Blackboard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. From and after the time Plaintiff's claim was presented to Defendant Blackboard, the liability of Blackboard to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Blackboard has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Blackboard's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant Blackboard knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26. As a result of Defendant Blackboard's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

Page 7

Copy from re:SearchTX

## CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST BLACKBOARD

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

27.   Defendant Blackboard is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

28.   Defendant Blackboard's conduct constitutes a breach of the insurance contract made between Blackboard and Plaintiff.

29.   Defendant Blackboard's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Blackboard's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30.   Defendant Blackboard's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

31.   Defendant Blackboard's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue,

Page 8

Copy from re:SearchTX

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.  Defendant Blackboard's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Blackboard's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33.  Defendant Blackboard's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34.  Defendant Blackboard's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.  Defendant Blackboard's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and

Copy from re:SearchTX

deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36. Defendant Blackboard's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37. Defendant Blackboard's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38. Defendant Blackboard's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39. Defendant Blackboard's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Defendant Blackboard's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Page 10

Copy from re:SearchTX

41.    Defendant Blackboard's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Blackboard knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

42.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

43.    Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44.    As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant blackboard's mishandling of Plaintiff's claim in violation of the laws set forth above.

45.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the

Copy from re:SearchTX

benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

47.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

49.    For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

50.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in San Patricio County, Texas.

Page 12

Copy from re:SearchTX

## WRITTEN DISCOVERY

### Requests for Disclosure

51.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.   In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek        monetary relief of over $200,000 but no more than $1,000,000.

Copy from re:SearchTX

Respectfully submitted,

Carrigan & Anderson, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
Legal assistant: wwatson@ccatriallaw.com
Legal assistant: adominguez@ccatriallaw.com
Legal assistant: egutierrez@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFF**

Page 14

Copy from re:SearchTX